UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAUQUEL JONES, | |
| Plaintiff, | |
| v. | Case No. 23-cv-03445 |
| URBANSTRONG, LLC, a Texas limited liability company d/b/a URBAN AIR TRAMPOLINE AND ADVENTURE PARK Inc., | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jauquel Jones filed this suit after she fell and broke her ankle at a trampoline park operated by Defendant UrbanStrong. Before this Court is UrbanStrong's motion to dismiss the complaint. [11] [12]. For the reasons explained below, this Court denies the motion [11][12] to dismiss.

**I. Background**

**A. Factual Background**

The Court takes the following factual allegations as true at the motion to dismiss stage. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

UrbanStrong owns and operates a franchise of Urban Air Trampoline and Adventure Park in Riverside, Illinois. [1-1] (Compl.) at ¶ 7. On June 25, 2021, Jones visited Urban Air with her family and paid admissions fees to go through the

1

park's obstacle courses. *Id.* at ¶ 9. One such course called the "Warrior Course," featured a set of swinging monkey bars hung over a ball pit filled with plastic balls the size of baseballs. *Id.* at ¶¶ 9, 11-13. Urban Air employees did not provide Jones with a safety briefing before she entered the Warrior Course, nor did they require her to sign a waiver of liability or notice of risk. *Id.* at ¶ 11.

Jones was in the middle of the Warrior Course when she lost her grip on the monkey bars and fell into the ball pit. *Id.* ¶¶ 14-15. Her foot struck a hard surface underneath the balls. *Id.* Although Jones called out in pain, Urban Air employees did not come to her aid nor call for emergency medical services. *Id.* at ¶¶ 16. Jones' husband drove her to the emergency room, then returned to Urban Air to request an incident report from the Urban Air, but to no avail. *Id.* at ¶¶ 18-19. The employees admitted that they were unfamiliar with a protocol for documenting incidents and required a manager's assistance. *Id.* Jones ultimately suffered a comminuted ankle fracture and required surgery. *Id.* at ¶ 21. She also alleges that UrbanStrong was on notice of similar injuries from ball pits at other Urban Air locations. *Id.* at 10, ¶3(d).

On April 21, 2023, Jones filed suit against UrbanStrong in Cook County Circuit Court. [1] The complaint alleges negligence for failure to inspect and maintain the obstacle course (Counts I-IV); willful and wanton conduct (Count V); product liability based on design defect (Count VI) and failure to warn (Count VII); premises liability (Count VII); negligent hiring (Count IX), negligent training and supervision (Count X); and fraudulent and deceptive business practices (Count XI).

[1-1]. On May 31, 2023, UrbanStrong removed the case to this Court. *Id.*

UrbanStrong now moves to dismiss all counts for failure to state a claim. [12]. Jones concedes that some counts—Counts I, III, IV, IX, and IX— lack sufficient legal or factual support and agrees to withdraw them. The Court need only decide whether Counts V, VI and VII, and Count X should be dismissed.

## II. Legal Standard

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial

3

experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586-87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

### III.  Analysis

#### A.  Count V: Willful & Wanton Conduct

In Count V, Jones claims that UrbanStrong acted in a willful and wanton manner, showing "a conscious disregard or utter indifference for the welfare of others." [1-1] at 10, ¶ 2. UrbanStrong argues that Jones has not alleged sufficient facts to show that the company intended to cause Jones harm, nor that it acted with deliberate indifference to her safety. For the reasons explained below, Jones may proceed on a theory of willful and wanton conduct.

There is no "separate and independent tort of willful and wanton conduct in Illinois . . . It is regarded as an aggravated form of negligence." *Krywin v. Chicago Transit Auth.*, 238 Ill.2d 215, 345 Ill.Dec. 1, 938 N.E.2d 440, 452 (2010). To recover damages for willful and wanton conduct, then, a plaintiff must allege duty, breach and causation, as well as "a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Kirwan v. Lincolnshire–Riverwoods Fire Prot. Dist.*, 349 Ill.App.3d 150, 285 Ill.Dec. 380, 811 N.E.2d 1259, 1263 (2004). The Illinois Supreme Court gives two examples of reckless willful and wanton conduct: "(1) "a failure, after knowledge of impending danger, to exercise ordinary care," or (2) "a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care."

4

*Munoz v. Nucor Steel Kankakee, Inc.*, 44 F.4th 595, 603 (7th Cir. 2022) (quoting *Am. Nat'l Bank & Tr. Co. v. City of Chicago*, 192 Ill.2d 274, 248 Ill.Dec. 900, 735 N.E.2d 551, 557 (2000)). In some cases, willful and wanton conduct is "only degrees more than ordinary negligence," while in others, it is slight "degrees less than intentional wrongdoing." *Ziarko v. Soo Line R. Co.,* 161 Ill.2d 267, 275-76 (Ill. 1994).

Here, Jones alleges that at the time of her injury, UrbanStrong was aware of similar injuries in ball pits at other Urban Air locations and failed to take reasonable steps to investigate, correct, or else warn patrons of the risk of injury. *See* [1-1] at 10, ¶3d. The factual allegations concerning UrbanStrong's failure to disclose and mitigate the risk of injury also make up Jones' negligence claim. "The same acts by a defendant, if sufficiently egregious, can constitute both negligence and willful and wanton conduct." *Bastian v. TPI Corp.*, 663 F.Supp. 474, 476 (N.D. Ill. 1987). It is Jones' allegation that UrbanStrong had prior knowledge about the potential for injury and did not take ordinary care to fix or warn of the problem that rises to the level of willful and wanton conduct. "[I]n willful and wanton cases involving defective conditions [of premises] . . . Illinois courts have repeatedly looked for evidence of knowledge." *Munoz*, 44 F.4th at 603; *see also Parker v. Four Seasons Hotels, Ltd.* 845 F.3d 807, 815 (7th Cir. 2017) ("[E]vidence of substantially similar occurrences is admissible to show a conscious disregard for the safety of others."). The complaint contains factual allegations that make it plausible that UrbanStrong had prior knowledge of similar incidents. UrbanStrong's motion to

5

dismiss Count V is denied.

### B. Counts VI and VII: Product Liability claims

In Counts VI and VII, Jones pleads strict product liability claims for the defective design of the Warrior Course and UrbanStrong's failure to warn about its dangers. UrbanStrong contends that the claims must be dismissed because the Warrior Course does not qualify as a "product" under Illinois tort law. Jones argues for a more expansive definition of "product" based on the "social policy justifications" Illinois courts use to impose strict liability. [16] at 6 (quoting *Lowrie v. City of Evanston*, 50 Ill. Ap. 3d 376, 384 (1st Dist. 1977)).

For a strict product liability claim to withstand a motion to dismiss, a plaintiff must allege: "(1) a condition of the product that results from manufacturing or design; (2) the condition made the product unreasonably dangerous; (3) the condition existed at the time the product left the defendant's control; (4) the plaintiff suffered an injury; and (5) the injury was proximately caused by the condition." *Salerno v. Innovative Surveillance Tech.*, Inc., 402 Ill. App. 3d 490, 498 (1st Dist. 2010) (citing *Mikolajczyk v. Ford Motor Co.*, 231 Ill.2d 516, 525 (Ill. 2008)).

UrbanStrong cites a body of Illinois cases that exempt "indivisible component[s]" of a building or structure from strict product liability. *Hubbard v. Chicago Hous. Auth.*, 138 Ill. App. 3d 1013, 1017-18, 487 N.E.2d 20 (1st Dist. 1985). Illinois courts have cited this principle to remove products liability for installments such as a steam pipe heating system, *id.*, parking garage guardrails,

6

*Walker v. Shell Chem., Inc.*, 101 Ill.App.3d 880, 883 (1st Dist. 1981), and physical structures themselves, *e.g., Lowrie,* 50 Ill.App.3d at 384 (garage); *Heller v. Cadral Corp.* (1980), 84 Ill.App.3d 677, 40 Ill.Dec. 387, 406 N.E.2d 88 (condominium unit). Items that make up a building structure such as "bricks, supporting beams and railings" are also not products for the purpose of strict liability. *Boddie v. Litton Unit Handling Sys., a Div. of Litton Sys., Inc.*, 118 Ill. App. 3d 520, 529, 455 N.E.2d 142, 148 (1st Dist. 1983). The Warrior Course, UrbanStrong argues, is similarly indivisible from the building in which it is installed.

However, "a defective item associated with a building may give rise to [a product liability claim], provided the item has not become an indivisible component part of the building or structure." *Id.* Items such as dumbwaiters and conveyor belts can be installed in a building but still not "integral" to its structure, and hence fall within the definition of a "product." *Id.* (collecting cases).

Here, UrbanStrong's argument that the Warrior Course is not a "product" misses the mark. Jones alleges that various components of the obstacle course, namely the ball pit and the hard surface underneath it, caused her injury. While a hard floor is the kind of "indivisible" part of a building excluded from product liability, the plastic balls in the ball pit are not similarly installed into the building. It is plausible that the Warrior Course is made up of individual components (monkey bars, balls, etc.) that have "an indivisible identity prior to installation" in the trampoline park, *id.*, and are "severable from the building." *Hubbard,* 138 Ill. App. at 1018. These components thus qualify as products for the

7

purpose of strict liability. UrbanStrong's motion to dismiss Counts VI and VII is denied.[1]

### C. Count X: Negligent Training and Supervision

In Count X, Jones alleges that UrbanStrong negligently failed to supervise and train its employees at Urban Air. UrbanStrong argues that Jones fails to sufficiently plead that the negligent supervision and/or training caused her injury.

Claims for negligent training and supervision are "best analyzed under principles generally applicable to negligence cases." *Schramm v. Peregrine Transp. Co., LLC*, 22-CV-161, 2023 WL 2349346, at *4 (S.D. Ill. Mar. 3, 2023) (quoting *Nat'l R.R. Passenger Corp. v. Terracon Consultants, Inc.*, 13 N.E.3d 834, 839 (Ill. App. Ct. 2014). To state a claim for negligent supervision, plaintiff must allege that (1) the employer-defendant had a duty to supervise an employee, (2) the employer negligently supervised the employee, and (3) such negligence proximately caused the plaintiff's injuries. *Doe v. Coe*, 2019 IL 123521, ¶ 59, 135 N.E.3d 1, 16. Similarly, to state a claim for negligent training, plaintiff must allege: (1) the employer-defendant owed the plaintiff a duty to train its employees in a particular way, (2) the employer breached that duty, and (3) the employer's negligence in training was the proximate cause of the plaintiff's injuries. *Willyard v. Wal-Mart*

---

[1] Jones ultimately bears the burden of showing that Defendant is a "seller" for purposes of product liability. *See* Restatement (2d) of Torts section 402A; *Burke v. Kidz Jungle World, LLC*, 0311, SEPT.TERM,2022, 2023 WL 2910774, at *7 (Md. Ct. Spec. App. Apr. 12, 2023) (analyzing section 402A to exempt operator of play facility from product liability for a ball pit because defendant did not constitute a seller); *Greenwood v. Busch Entm't Corp.*, 101 F. Supp. 2d 292, 295 (E.D. Pa. 2000) (holding operator of amusement parks is not a "seller" of the ride that injured plaintiff under 402A) (collecting cases from Texas, Louisiana, California, and Pennsylvania).

*Stores, Inc.*, 2010 WL 487080, at *4 (S.D. Ill. Feb. 8, 2010) (citing *Van Horne v. Muller*, 691 N.E.2d 74, 79 (Ill. App. Ct. 1998)).

UrbanStrong does not dispute that it had a duty to supervise or train employees at UrbanAir. Rather, UrbanStrong contends that Jones does not allege with sufficient detail how the lack of training and supervision caused her injury.

Jones alleges that UrbanStrong failed to train and supervise employees in four distinct ways: (a) to inform or warn patrons about the increased danger the ball pit presented; (b) to respond to an accidental injury; (c) to teach employees about ATSM standards to allow them to find violations and correct non-obvious hazards; and (d) to establish new training protocols following similar injuries. [1-1] at 17, ¶ 3. The Court makes all reasonable inferences in Jones' favor at the pleading stage. It is reasonable to infer that Urban Air employees' failure to respond to Jones' injury in a timely way, as well as their apparent lack of training in that regard, aggravated her injury. It is also reasonable to infer that after a fair warning or inspection and correction by employees, Jones might have taken greater caution on the Warrior Course and avoided injury altogether. These factual allegations, although not airtight, prompt reasonable inferences that employees' lack of training and supervision caused Jones' injury. That is enough to state a claim for both causes of action at this stage. UrbanStrong's motion to dismiss Count X is denied.

### IV.  Conclusion

For the reasons explained above, this Court denies Defendant UrbanStrong's

motion to dismiss. [11] [12]. UrbanStrong is directed to answer or otherwise respond to the amended complaint by **March 15, 2024.**

E N T E R:

Dated: February 26, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

10